19344—Marie Frate et al. v. Fanny Rimenick et al.; error to the Cuyahoga Appeals. Judgment affirmed. Marshall, C. J., Jones, Day and Kinkade, JJ., concur. Dock. 8-31-25; 3 Abs. 546.

## MOTION DOCKET

19586—Howard E. Webster, Sheriff v. William T. Edwards. Motion by defendant to strike motion to certify record from files. Sustained. Dock. 1-20-26; 4 Abs. 72; OS. Pend. 4 Abs. 164; OA. 3 Abs. 559.

19611—Ed Tumey v. State of Ohio. Motion to dismiss petition in error as of right. Sustained. Dock. 2-2-26; 4 Abs. 112; OA. 4 Abs. 109; OS. Pend. 4 Abs. 197.

19611—Ed Tumey v. State of Ohio. Motion for Hamilton Appeals to certify. Overruled. Dock. 2-2-26; 4 Abs. 112; OS. Pend. 4 Abs. 197.

19700—Joseph W. Miller v. G. & R. Realty Co. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 3-20-26; 4 Abs. 208.

19720—Anton Malensek et v. Joseph Jablonski et. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 3-26-26; 4 Abs. 223.

---

# Abstracts of Last Week's SUPREME COURT OPINIONS

## SYLLABI
### No. 384

No. 19344—Marie Frate et al v. Fanny Rimenick et al.

480. EVIDENCE—To warrant reformation of deed, evidence must be clear and convincing.

445. EASEMENTS—Easement granted by common owner of land becomes appurtenance thereto when land is divided, and neither owner or servient or dominent estate can interfere with proper use of such easement.

557. FRAUD—Action based on fraud not

barred by statute, if begun within four years of discovery thereof.

DAY J.

1. In order to maintain an action for reformation of a deed upon the ground of mutual mistake of parties thereto, the proof of such mutual mistake must be clear and convincing; a preponderance of the evidence only is not sufficient. This court, while not required generally to weigh the evidence, will examine the record to see whether the court below has acted upon the requisite degree of proof.

2. Easements and servitudes created by a common owner of lands, which are plainly visible and from the character of which it may be fairly presumed that he intended their preservation as necessary to the proper, convenient and reasonable enjoyment of the property, become, when the lands are divided and pass into other hands, permanent appurtenances thereto, and neither the owner of the dominant or of the servient portions of the land has power to adversely interfere with their proper use and enjoyment.

3. Where one owning adjoining lots, maintains a driveway approximately ten feet in width upon one of the lots for the benefit and use of both tracts and afterward sells a part of it on which said driveway is located, making the center line of such driveway the dividing line between the part sold and that retained, both purchaser and owner using such driveway in common as the owner had theretofore done, and subsequently such owner sells all of his remaining land to a third party, and both of such purchasers continue to use such driveway in common as a means of ingress and egress to and from the highway and the property of each, such driveway passes under the deed of each purchaser from the common grantor as a way appurtenant to the property so conveyed and neither purchaser can interfere with the other in the use thereof.

4. An action based upon fraud, if begun within four years from the date of the discovery of the fraud, is not barred by the statute of limitations.

Judgment affirmed.

Marshall C. J. Jones and Kinkade, JJ., concur.